## SAMUEL R. TOWNSEND *v.* JOHN M. WAY.

An action by a magistrate against a judgment creditor, to recover fees for services rendered in taking a recognizance from the judgment debtor, on his application to take the poor debtors' oath, may be sustained by proof that the recognizance was taken orally; and the magistrate's minutes are competent evidence for this purpose, if the extended record has not been made.

CONTRACT brought by the justice of the police court of Taunton to recover his fees for taking the recognizance and attending the examination of a judgment debtor, arrested on execution in favor of the present defendant, on his application to take the poor debtors' oath.

At the second trial of this case in the superior court, after the decision reported in 3 Allen, 245, the plaintiff, in order to prove the taking of the recognizance, and the liability of the defendant therefor, introduced in evidence, under objection, the execution on which the debtor was arrested, bearing this indorsement by the defendant: " Boston, Feb. 16, 1860. Mr. Alden: Please arrest defendant, and get recognizance for ninety days, if you can, and if defendant wishes to take the oath, notify me at once. John M. Way." He was also allowed to testify that the debtor was brought before him and desired to take the oath, and thereupon orally entered into recognizance with sureties to appear on a certain day, for taking which the plaintiff charged one dollar. On cross-examination, he testified that he made a memorandum of taking the recognizance in a book, at the time, and produced the book, and read the memorandum, which was as follows: " Feb. 16th, 1860. Jacob W. Munsey as principal, and A. J. Bosworth as surety, recognized in the sum of $100 for his appearance before me, on his application to take the poor debtors' oath, on the twenty-third day of February instant, at 11 o'clock A. M. for examination." The plaintiff further testified that he issued notice to the present defendant, and, on the day named, administered the oath to the judgment debtor.

*Putnam,* J. instructed the jury that it was not necessary to take the recognizance in writing, and a verdict was returned

for the plaintiff with $1 damages. The defendant alleged exceptions.

*E. M. Bigelow*, for the defendant.

*S. R. Townsend, pro se.*

DEWEY, J. No objection exists to taking a recognizance orally, in the first instance. This is to be afterwards noted briefly on the books kept for such purpose, and subsequently drawn out at large.

But it has often been held that the minutes or memoranda upon the docket of the clerk of the court, or a magistrate, are competent evidence of an order or proceeding in court, in case the extended record has not been made. *Mc Grath* v. *Seagrave*, 2 Allen, 443. *Pruden* v. *Allen*, 23 Pick. 184.

Such memorandum, though brief in its terms, is competent evidence to establish the fact of taking the recognizance, before the same has been extended. Upon a claim made for the fees for taking such recognizance, the fact of taking the same may be shown by this memorandum, aided if necessary by the execution against the debtor, and the return thereon showing the arrest of the debtor, and the name of the creditor and debtor, and the fact that the latter was brought before such justice. For the purpose of showing facts bearing upon the case, and which are not required to be in writing, the testimony of the plaintiff was competent evidence.

Taking thus much merely of his evidence, and the documentary evidence, the plaintiff established by sufficient proof his right to recover his fees for taking the recognizance. Any mere informality in the minutes would not, under the circumstances of this case as they are stated, defeat the plaintiff's right to recover, as was held when this case was at an earlier period be‑ fore the court. 3 Allen, 245.

*Exceptions overruled.*